UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             18-52-SDD-RLB

DEMARCUS FLEMING,
a.k.a. DEMARCUS DUANE FLEMING

### RULING

This matter is before the Court on the *Motion to Vacate under 28 U.S.C. 2255*[1] filed by Demarcus Fleming ("Defendant"). The Government has filed an *Opposition*[2] to this motion. The Defendant previously pled guilty to possession of a firearm by a convicted felon.[3] In his Section 2255 motion, the Defendant contends that he lacked the *mens rea* for this conviction, that his predicate conviction for attempted possession of drugs was unlawfully applied, and his Fourth Amendment rights were violated. No evidentiary hearing is required. For the following reasons, Defendant's motion is denied.

### I.   BACKGROUND FACTS

On July 5, 2017, Defendant went to his girlfriend's apartment, kicked in the door, and began firing several shots from a firearm.[4] At the time of this event, Fleming had previously been convicted of three felonies: possession of cocaine, attempted possession with intent to distribute cocaine, and attempted possession of a firearm by a convicted

---

[1] Rec. Doc. 34.
[2] Rec. Doc. 38.
[3] Rec. Doc. 19.
[4] Rec. Doc. 23, Pre-Sentence Investigation Report ("PSR"), ¶¶ 4-6.

felon.[5] Law enforcement was contacted regarding this situation, and officers reported to the scene where they observed the Defendant with the firearm and several shell casings on the ground. The officers also discovered that the firearm was reported stolen.[6]

Defendant was charged and indicted in the Middle District of Louisiana with possession of a firearm by a convicted felon, and he pled guilty without a plea agreement.[7] The Court sentenced Defendant to 115 months in prison. Judgment was entered on December 17, 2018,[8] and Defendant did not appeal. The pending motion was mailed from the prison within one year of the Court's judgment; thus, the Government concedes Defendant's motion is timely.[9]

## II. LAW & ANALYSIS

### A. Section 2255 Standard

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if, "that sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Fifth Circuit has stated that, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised in a direct appeal and would, if condoned, result in a complete miscarriage of justice." [10]

"When a § 2255 motion is filed, the district court must first conduct a preliminary

---

[5] *Id.* at ¶¶ 25, 28, 39.
[6] *Id.* at ¶ 6.
[7] *Id.* at ¶¶ 1, 3.
[8] Rec. Doc. 30.
[9] Rec. Doc. 38, p. 3.
[10] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).

review."[11] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[12] If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action.[13] After reviewing the government's response along with any other relevant materials, the court must determine whether an evidentiary hearing is warranted.[14] An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[15] No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[16]

When a defendant has exhausted his right to appeal, his conviction and sentence are presumed to be fair and final.[17] Therefore, an issue raised for the first time in a motion pursuant to 28 U.S.C. § 2255 will be considered only if the defendant shows "cause" for his failure to previously raise the issue and "actual prejudice" resulting from the alleged error.[18] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C. § 2255.[19]

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction.[20]

---

[11] *United States v. Hutton*, No.16-184, 2020 WL 5517332, *2 (E.D. La. Sep. 14, 2020)
[12] Rules Governing § 2255 Proceedings, Rule 4(b).
[13] *Id.*
[14] Rules Governing § 2255 Proceedings, Rule 8.
[15] 28 U.S.C. § 2255(b).
[16] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[17] *United States v. Frady*, 456 U.S. 152,164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc).
[18] *Frady*, 456 U.S. at 167-68; *Shaid*, 937 F.2d at 232.
[19] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[20] *Haines v. Kerner*, 404 U.S. 519 (1972).

Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."[21] Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to be of probative evidentiary value."[22]

### B. Knowledge of Interstate Commerce Element

Without any legal authority in support, Defendant claims his conviction is invalid because he had no knowledge that his firearm affected interstate commerce.[23] However, it is well-settled that the Government has no burden to prove a defendant's knowledge of this element. Further, this claim has been repeatedly rejected by the Fifth Circuit as recently expressed in *United States v. Hicks*: "Hicks states that he continues to preserve for further appellate review his arguments that (1) § 922(g) requires the government to prove that he knew the firearms were in or affecting interstate commerce … These arguments remain foreclosed in this circuit."[24] Defendant is not entitled to relief for this claim.

### C. Predicate Convictions

Defendant also claims that his conviction is invalid because the predicate felony conviction "was for attempted poss[ession]," and he argues "the sentencing act for

---

[21] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[22] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).
[23] Rec. Doc. 34, p. 4.
[24] 958 F.3d 399, 402, n. 1 (5th Cir. 2020)(citing *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998); *United States v. Prentice*, 956 F.3d 295, 300 (5th Cir. 2020)).

firearms [requires] that the prior has to be for sale of drugs or possession with the attempt [sic] to sale."[25]  As the Government correctly points out, this is not the law.

> Under 18 U.S.C. § 922(g)(1), any state felony (with limited exceptions under 18 U.S.C. § 921(20)) disqualifies a defendant from possessing firearms—the prohibiting felony need not be a drug offense involving distribution or intent to distribute. The sentencing provision for unlawful firearm possession also says nothing about the nature of the prohibiting felony. *See* 18 U.S.C. § 924(a)(2).[26]

The Defendant fails to offer any authority to support his claim that a state court felony conviction for the attempted possession of drugs cannot be a predicate conviction that disqualifies the possession of firearms under 18 U.S.C. § 922(g)(1).  To the extent Defendant is making this argument under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), this claim is also without merit because Defendant was not sentenced pursuant to the ACCA.[27]  Thus, Defendant is not entitled to relief for this claim.

### D. Fourth Amendment Claim

Defendant's third and final claim is that the firearm in question was taken by an "illegal search and seizure" because "[b]efore the police located the firearm they asked and was [sic] denied permission."[28]  In his Motion, Defendant reports that never filed an appeal alleging this Fourth Amendment violation citing the reason that his "lawyer never brought it up."[29]  Nowhere in Defendant's motion does he assert an ineffective assistance of counsel claim.

The Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require

---

[25] Rec. Doc. 34, p. 5.
[26] Rec. Doc. 38, p. 5.
[27] *See* PSR at ¶ 75.
[28] Rec. Doc. 34, p. 7.
[29] *Id.* at p. 8.

that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[30] The Fifth Circuit has extended this holding to federal prisoners' Section 2255 motions.[31] Further, the Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean, simply, "an opportunity."[32]  Defense counsel had the opportunity to file a motion to suppress prior to the Defendant pleading guilty but did not; likewise, the Defendant had the opportunity to raise this issue on direct appeal but did not. "The fact that [Defendant], or his counsel, failed to take advantage of this opportunity does not render the Stone bar inapplicable to this claim."[33] Thus, Defendant's Fourth Amendment claim is not cognizable on collateral review as it procedurally defaulted.  However, the Fifth Circuit instructs that:

> It is well-settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted.[34]

Here, Defendant has made no claim of cause and prejudice nor a claim that he is actually innocent of the crime for which he was convicted, and he has offered no evidence to support these claims.

Additionally, although Defendant's Fourth Amendment claim is precluded, he may raise it "in the context of a Sixth Amendment ineffective assistance claim."[35]  However,

---

[30] *Stone v. Powell*, 428 U.S. 465, 482 (1976).
[31] *See United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003).
[32] *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002)(quoting *Caver v. Alabama*, 577 F.2d 1188, 1192-93 (5th Cir. 1978)(stating that the Stone bar applies "whether or not the defendant avails himself of th[e] opportunity")).
[33] *United States v. Deem*, No. 2018 WL 1915081, *4 (W.D.La. Apr. 23, 2018).
[34] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir.1998) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).
[35] *United States v. Thompson*, 44 F.3d 1004, 1995 WL 10514, *4 (5th Cir. 1995)(citing *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986)).  Ineffective assistance based on failure to file a motion to suppress

as set forth above, Defendant has not asserted an ineffective assistance of counsel claim, nor has he submitted evidence or authority to support such a claim. Accordingly, Defendant is not entitled relief for this claim.

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Vacate under 28 U.S.C. 2255*[36] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  21st day of December, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

depends on whether the motion would have been granted if made. *See United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).
[36] Rec. Doc. No. 34.